**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| ROSALIA DEMARION,<br><br>　　　Plaintiff,<br><br>v.<br><br>DISCOVER BANK; EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES LLC, and TRANSUNION, LLC<br><br>　　　Defendants. | Case No.: 8:24-cv-97<br><br>**Complaint for Damages:**<br>　　**Violation of Fair Credit Reporting Act** |

Plaintiff, Rosalia Demarion, by and through undersigned counsel, upon information and belief, hereby complains as follows:

### I.   INTRODUCTION

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") whereby Plaintiff discovered inaccurate information reporting on her consumer credit reports, disputed that inaccurate information, and Defendants willfully or negligently refused to correct the inaccurate information on Plaintiff's consumer credit report, damaging Plaintiff.

### II.   PARTIES

2. Plaintiff is, and was at all times hereinafter mentioned, a resident of the County of Sarasota, Florida.

3. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(3).

4. Defendant, Discover Bank ("Discover") is and at all times relevant hereto was, a lending institution regularly doing business in the State of Florida.

5. At all times pertinent hereto, Defendant Discover is a "person" as that term is defined in 15 U.S.C. §1681a(b), and also a "furnisher" of credit information as that

term is described in 15 U.S.C. §1681s-2 *et seq*.

6. Defendant Discover was at all relevant times engaged in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant Discover is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

8. Defendant, Experian Information Solutions, Inc. ("Experian"), is a credit reporting agency, licensed to do business in Florida.

9. Defendant Experian is, and at all times relevant hereto was, regularly doing business in the State of Florida.

10. Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

11. Experian furnishes such consumer reports to third parties under contract for monetary compensation.

12. At all times pertinent hereto, Defendant Experian was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

13. Defendant, Equifax Information Services LLC ("Equifax"), is a credit reporting agency, licensed to do business in Florida.

14. Defendant Equifax is, and at all times relevant hereto was, regularly doing business in the State of Florida.

15. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

16. Equifax furnishes such consumer reports to third parties under contract for monetary compensation.

17. At all times pertinent hereto, Defendant Equifax was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

18. Defendant, TransUnion, LLC ("TransUnion"), is a credit reporting agency,

licensed to do business in Florida.

19. Defendant TransUnion is, and at all times relevant hereto was, regularly doing business in the State of Florida.

20. TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681a(d), to third parties.

21. TransUnion furnishes such consumer reports to third parties under contract for monetary compensation.

22. At all times pertinent hereto, Defendant TransUnion was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §1681a(b) and (f).

### III.     JURISDICTION AND VENUE

23. That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, the Fair Credit Reporting Act ("FCRA").

24. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and as the Plaintiff resides in and the injury occurred in Sarasota County, Florida and Defendants do business in Florida.

25. Personal jurisdiction exists over Defendants as Plaintiff resides in Florida, Defendants have the necessary minimum contacts with the state of Florida, and this suit arises out of specific conduct with Plaintiff in Florida.

### IV.     FACTUAL ALLEGATIONS

26. Plaintiff is a consumer who is the victim of inaccurate reporting by Defendants Discover, Experian, Equifax and TransUnion (collectively, "Defendants"), and has suffered particularized and concrete harm.

27. Equifax, Experian and TransUnion are the three largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. §1681a(f).

28. The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

29. Experian, Equifax and TransUnion have a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy." 15 U.S.C. §1681e(b).

30. Plaintiff discovered a Discover account, last four 1414 (the "Account") reporting on her Experian, Equifax and TransUnion credit reports in error.

31. The Account reports a late balance due and owing with a derogatory collection charge-off status in error.

32. Discover issued the Plaintiff an IRS Form 1099-C, stating it discharged the debt of the Account.

33. The form 1099-C canceled the principal balance owed on the Account.

34. The Identifiable Event Code on the 1099-C is marked "G."

35. Code G is used to identify cancellation of debt as a result of a decision or a defined policy of the creditor to discontinue collection activity and cancel the debt.

36. Upon information and belief, Discover submitted the form 1099-C to the Internal Revenue Service ("IRS"), reporting the debt cancelled as income attributable to Plaintiff.

37. Prior to issuing a 1099-C, and thereby cancelling the debt, Discover actively attempted to collect the debt using telephone calls, letters, and collection notices.

38. After cancelling the debt, Discover discontinued efforts to collect the debt and no longer uses the telephone calls, letters, and collection notices that it employed prior to cancelling the debt.

39. Prior to cancelling the debt, Discover provided periodic statements and letters containing information about the Account.

40. After cancelling the debt, Discover discontinued its practice of providing periodic statements and letters containing information about the Account.

41. Based on the issuance of the 1099-C, and on Discover's activity or inactivity related to collecting the debt, it is clear that Discover has cancelled the debt associated with the Account.

42. In spite of cancelling the debt, Discover continued, erroneously, to report a balance due on the Account to the credit reporting agencies who then reported a balance due on Plaintiff's consumer reports.

43. The false information regarding the Account appearing on Plaintiff's consumer report harms the Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness.

**PLAINTIFF'S WRITTEN DISPUTE**

44. On or about November 20, 2023, Plaintiff sent a written dispute to Experian ("Experian Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's Experian consumer report.

45. On or about November 20, 2023, Plaintiff sent a written dispute to Equifax ("Equifax Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's Equifax consumer report.

46. On or about November 20, 2023, Plaintiff sent a written dispute to Equifax ("Equifax Dispute"), disputing the inaccurate information regarding the Account reporting on Plaintiff's Equifax consumer report.

47. Upon information and belief, Experian, Equifax and TransUnion forwarded Plaintiff's Experian Dispute and Equifax Dispute ("Dispute Letters") to Defendant Discover.

48. Upon information and belief, Discover received notification of Plaintiff's Dispute Letters from Experian, Equifax and TransUnion.

49. Upon information and belief, Discover verified the erroneous information associated with the Account to Experian, Equifax and TransUnion.

50. Discover failed to conduct an investigation, contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

51. Experian, Equifax and TransUnion each did not conduct an investigation,

contact Plaintiff, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Account.

52. Upon information and belief, Discover failed to instruct Experian, Equifax and TransUnion to remove the false information regarding the Account reporting on Plaintiff's consumer reports.

53. Experian, Equifax and TransUnion employed an investigation process that was not reasonable and did not remove the false information regarding the Account identified in Plaintiff's Dispute Letters.

54. At no point after receiving the Dispute Letters did Discover, Experian, Equifax and TransUnion communicate with Plaintiff to determine the veracity and extent of Plaintiff's Dispute Letters.

55. Experian, Equifax and TransUnion relied on their own judgment and the information provided to them by Discover rather than grant credence to the information provided by Plaintiff.

56. The Plaintiff was denied credit and/or refrained from needed credit applications due to the erroneous information associated with the Account.

57. Plaintiff has lost time working to resolve the adverse information associated with the Account to prevent harm.

## COUNT I – EXPERIAN
### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

58. Plaintiff re-alleges and reaffirms the above paragraphs 1-57 as though fully set forth herein.

59. After receiving the Experian Dispute, Experian failed to correct the false information regarding the Account reporting on Plaintiff's Experian consumer report.

60. Defendant Experian violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Experian published and maintained

concerning Plaintiff.

61. As a result of this conduct, action and inaction of Defendant Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

62. Defendant Experian's conduct, action, and inaction were willful, rendering Defendant Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

63. In the alternative, Defendant Experian was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

64. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT II – EXPERIAN
## FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

65. Plaintiff re-alleges and reaffirms the above paragraphs 1-57 as though fully set forth herein.

66. After receiving the Experian Dispute, Experian failed to correct the false information regarding the Account reporting on Plaintiff's Experian consumer report.

67. Defendant Experian violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

68. As a result of this conduct, action and inaction of Defendant Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal

and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

69. Defendant Experian's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

70. In the alternative, Defendant Experian was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

71. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Experian pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT III – EQUIFAX
### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

72. Plaintiff re-alleges and reaffirms the above paragraphs 1-57 as though fully set forth herein.

73. After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the Account reporting on Plaintiff's Equifax consumer report.

74. Defendant Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant Equifax published and maintained concerning Plaintiff.

75. As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

76. Defendant Equifax's conduct, action, and inaction were willful, rendering Defendant Equifax liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

77. In the alternative, Defendant Equifax was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

78. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT IV – EQUIFAX
### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

79. Plaintiff re-alleges and reaffirms the above paragraphs 1-57 as though fully set forth herein.

80. After receiving the Equifax Dispute, Equifax failed to correct the false information regarding the Account reporting on Plaintiff's Equifax consumer report.

81. Defendant Equifax violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

82. As a result of this conduct, action and inaction of Defendant Equifax, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

83. Defendant Equifax's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

84. In the alternative, Defendant Equifax was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

85. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT V – TRANSUNION
### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681e(b)

86. Plaintiff re-alleges and reaffirms the above paragraphs 1-57 as though fully

set forth herein.

87. After receiving the TransUnion Dispute, TransUnion failed to correct the false information regarding the Account reporting on Plaintiff's TransUnion consumer report.

88. Defendant TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files Defendant TransUnion published and maintained concerning Plaintiff.

89. As a result of this conduct, action and inaction of Defendant TransUnion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

90. Defendant TransUnion's conduct, action, and inaction were willful, rendering Defendant TransUnion liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

91. In the alternative, Defendant TransUnion was negligent, entitled Plaintiff to recover damages under 15 U.S.C. §1681o.

92. Plaintiff is entitled to recover costs and attorneys' fees from Defendant TransUnion, pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT VI – TRANSUNION
### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. §1681i

93. Plaintiff re-alleges and reaffirms the above paragraphs 1-57 as though fully set forth herein.

94. After receiving the TransUnion Dispute, TransUnion failed to correct the false information regarding the Account reporting on Plaintiff's TransUnion consumer report.

95. Defendant TransUnion violated 15 U.S.C. §1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

96. As a result of this conduct, action and inaction of Defendant TransUnion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

97. Defendant TransUnion's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

98. In the alternative, Defendant TransUnion was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

99. Plaintiff is entitled to recover costs and attorneys' fees from Defendant TransUnion pursuant to 15 U.S.C. §1681n and/or §1681o.

## COUNT VII – DISCOVER

### Fair Credit Reporting Act Violation – 15 U.S.C. §1681s-2(b)

100. Plaintiff re-alleges and reaffirms the above paragraphs 1-57 as though fully set forth herein.

101. After receiving the Dispute Letters, Discover failed to correct the false information regarding the Account reporting on Plaintiff's consumer report.

102. Defendant violated 15 U.S.C. §1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant Discover's representations; by failing to review all relevant information regarding Plaintiff's disputes; by failing to accurately

respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Discover's representations to consumer credit reporting agencies, among other unlawful conduct.

103. As a result of this conduct, action, and inaction of Defendant Discover, Plaintiff suffered damages, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

104. Defendant Discover's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

105. In the alternative, Defendant Discover was negligent, entitling Plaintiff to recover damages under 15 U.S.C. §1681o.

106. Plaintiff is entitled to recover costs and attorneys' fees from Defendant Discover pursuant to 15 U.S.C. §1681n and/or 15 U.S.C. §1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks statutory remedies as defined by 15 U.S.C. § 1681 and demands:

A. Jury trial;

B. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

C. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful violation;

D. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

E. Any further legal and equitable relief as the court may deem just and proper in

the circumstances.

Respectfully submitted January 10, 2024.

                                          */s/ Trescot Gear*
                                          Gear Law, LLC
                                          1405 W. Swann Ave.
                                          Tampa, FL 33606

                                          Mailing Address:
                                          McCarthy Law, PLC
                                          4250 North Drinkwater Blvd, Suite 320
                                          Scottsdale, AZ 85251
                                          Telephone: (602) 456-8900
                                          Fax: (602) 218-4447
                                          Attorney for Plaintiff